David Abrams, Attorney at Law
P.O. Box 3353 Church Street Station
New York, New York 10008

**TO BE FILED UNDER SEAL**

United States District Court
District of Columbia
_____

|  |  |
|---|---|
| United States of America ex rel.<br>TZAC, Inc.,<br><br>Qui Tam Relator Address:<br><br>305 Broadway Suite 601<br>New York, NY 10007<br><br><br>     Plaintiff-Relator,<br><br>  - against -<br><br>Churches for Middle East Peace<br>110 Maryland Ave NE #311<br>Washington, DC 20002<br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Case: 1:21−cv−03406
Assigned To : Chutkan, Tanya S.
Assign. Date : 12/30/2021
Description: Gen. Civil (E−DECK)

Index No.:

**COMPLAINT**

_____

   Plaintiff-Relator, complaining of the Defendant by its attorney, David Abrams,

Attorney at Law, respectfully sets forth and alleges as follows:

## I.  Nature of the Case

1.  This is a false claims act claim.  The Qui Tam Plaintiff and Relator, TZAC, Inc.

("The Zionist Advocacy Center" or "Relator"), alleges that the Defendant obtained

disaster relief by fraudulently representing the nature of its operations.

## II.  Parties

2.  Defendant Churches for Middle East Peace a not-for-profit corporation with a

principle place of business in Washington, DC.   On its web site, Churches for Middle

East Peace describes its activities as follows:

> Churches for Middle East Peace (CMEP) is a coalition of 30 national Church
> communions and organizations working to encourage U.S. policies that actively
> promote just, lasting and comprehensive resolutions to conflicts in the Middle
> East.

2.      Relator TZAC, Inc. ("The Zionist Advocacy Center" or "Relator" or "Plaintiff") is a New York business corporation with a principle place of business in the State of New York, County of New York.

## III.    Compliance With Requirements of Suit

3.      This matter has been or will be filed under seal pursuant to 31 U.S.C. Section 3730(b); at or about the same time, a copy of the Complaint, Sealing Order, and Relator's disclosure of evidence were or will be served on the Department of Justice and the United States Attorney for the District of Washington DC.

4.      Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed.  Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

## IV.     Jurisdiction and Venue

5.       This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where the Defendant resides or transacts business.  In this case, the Defendant is located in the District of Columbia.

## V.      The Fraudulent Scheme

6.      The Defendant received Second Round PPP Disaster Relief as follows:

| Date | Amount | Loan Number | Forgiven |
|---|---|---|---|
| March 12, 2021 | $53,033 | 1043648609 | September 1, 2021 |

7.      In order to be eligible for this loan the Defendant had to certify, among other things, as follows:

> The Applicant is not a business concern or entity primarily engaged in political or lobbying activities, including any entity that is organized for research or for engaging in advocacy in areas such as public policy or political strategy or otherwise describes itself as a think tank in any public documents.

8.    At all times relevant to this matter the foregoing certification was completely false and fraudulent.  Indeed, Churches for Middle East Peace states prominently on its web site that that its activities consist of "working to encourage U.S. policies that actively promote just, lasting and comprehensive resolutions to conflicts in the Middle East."

9.    As a result of this fraudulent certification, Churches for Middle East Peace received some $53,033 in funds of the United States.

## VI.    Cause of Action

10.    The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"  31 U.S.C. Section 3729(a)(1)(B)

11.    The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp.,* 601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

12.    Thus, the certification of Churches for Middle East Peace  violated the False Claims Act because it was false and required for eligibility for Second Round PPP monies.

**[continued on next page]**

## VII.    Relief Sought

13.    On behalf of the government, Relator is seeking judgment for the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

14.    Churches for Middle East Peace received some $53,033 in Second Round PPP Relief. These funds would have been received as a result of the fraudulent certification described above.

15.    Accordingly, Relator seeks judgment in the amount of $159,099 against Churches for Middle East Peace and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

_____

David Abrams, Attorney at Law
 Attorney for Relator
The Zionist Advocacy Center

P.O. Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
Fax  212-897-5811

Dated: New York, NY
          December 30, 2021